**ORIGINAL**

**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

FILED

SEP 2 4 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHNNY STAKE,** | Case No.  **C10-04326** |
| Plaintiff, | **COMPLAINT FOR VIOLATION** |
| | **OF FEDERAL FAIR DEBT** |
| vs. | **COLLECTION PRACTICES ACT,** |
| | **ROSENTHAL FAIR DEBT** |
| **SANTANDER CONSUMER USA,** | **COLLECTION PRACTICES ACT,** |
| **INC.,** | **AND INVASION OF PRIVACY** |
| | |
| Defendant. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3.    Plaintiff, Johnny Stake ("Plaintiff"), is a natural person residing in Alameda County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.    At all relevant times herein, Defendant, Santander Consumer USA, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.    On more than one occasion, Defendant contacted Plaintiff at a phone number associated with his work.

7.    On more than one occasion, Plaintiff has informed Defendant that collections calls to his work phone number is against the policy of the employer and Plaintiff has requested that Defendant cease all calls to his work.

8.    Despite Plaintiff's requests, Defendant continues to contact Plaintiff at a number associated with his work in connection with an attempt to collect an alleged debt.

9.    On more than one occasion, Defendant has threatened that nonpayment of the alleged debt would result in a seizure of Plaintiff's property, including but not limited to, threatening to repossess the vehicle for no-payment of the alleged debt.

10.    On more than one occasion, Defendant has contacted Plaintiff's employer, a third party to this action, for reasons beyond obtaining location information.

11.    Defendant disclosed to Plaintiff's employer, a third party to this action, the existence of an alleged debt owed by Plaintiff and the identity of Defendant without such information being expressly requested.

12.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

b) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

e) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));

f) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

g) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

h) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b)); and

i) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b)).

13.   Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.   Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

14.   Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.   Defendant's disclosures were highly offensive to a reasonable person.

15.   As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

///

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

16.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.     Declaratory judgment that Defendant's conduct

violated the FDCPA;

    B.     Actual damages;

    C.     Statutory damages;

    D.     Costs and reasonable attorney's fees; and,

    E.     For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

17.     Plaintiff reincorporates by reference all of the preceding paragraphs.

18.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.     Declaratory judgment that Defendant's conduct
violated the RFDCPA;

    B.     Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

19.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 13th day of September, 2010.

By: _____

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**